UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL FERNANDES, | No. 2:26-cv-01882-DJC-CKD |
| Plaintiff, | |
| v. | ORDER |
| ROCKET MORTGAGE LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Ex Parte Motion for Temporary Restraining Order seeking to enjoin a foreclosure sale scheduled for May 27, 2026. Plaintiff argues that relief is warranted because he is likely to succeed on his claims that Defendant violated the Homeowner Bill of Rights and the Unfair Competition Law. For the reasons described below, the Court GRANTS Plaintiff's Motion for Temporary Restraining Order.

## BACKGROUND

Plaintiff Paul Fernandes ("Plaintiff") owns the property at 3136 Sceptre Drive, Rocklin, California 95765 (the "Property") which he purchased on or around April 6, 2004, via grant deed. (*See* Fernandes Decl. (ECF No. 4-3) ¶¶ 3,4.)  Plaintiff concurrently executed a first position loan for $360,000.00 with Bank of America (the

"Loan"). (*Id*. ¶ 4.) Although the exact date is unknown, Nationstar Mortgage LLC eventually became the servicer of the Loan. (*Id*. ¶ 6.) In 2025, Defendant Rocket Mortgage LLC became the servicer of the Loan, after Nationstar was acquired by Defendant's parent company. (*Id*.)

On August 13, 2018, a Notice of Default was recorded on the Property, (*id*. ¶ 5; Not. Default (ECF No. 4-3, Ex. A)), and a Notice of Trustee's Sale was recorded on February 23, 2026 (*id*. ¶ 7; (ECF No. 4-3, Ex. B)). On or around March 4, 2026, Plaintiff submitted a complete loan modification application to Defendant, which was denied around a week later, on March 13, 2026. (Fernandes Decl. ¶¶ 8, 9.) On April 7, 2026, Plaintiff appealed the denial via letter to Defendant. (*Id*. ¶ 10 (citing Appeal (ECF No. 4-3, Ex. C)).) Plaintiff represents that as of date, he has not received any response regarding his appeal. (*Id*.) Nevertheless, Defendant is proceeding with the foreclosure process, and a Trustee's Sale is scheduled for the Property on May 27, 2026, with no indication of postponement. (*Id*. ¶ 11.)

Based on the foregoing, Plaintiff filed a Complaint (Compl. (ECF No. 1)) and Ex Parte Motion for Temporary Restraining Order (Mot. TRO (ECF No. 4)) seeking to enjoin Defendants from proceeding with the sale of the Property. The Complaint raises two causes of action for (1) violations of the Homeowner Bill of Rights ("HBOR"), California Civil Code § 2923.6 and (2) violations of the Unfair Competition Law, ("UCL"), California Business and Professions Code § 17200. Defendant has not filed an opposition.[1] The Court held oral argument on May 26, 2026, and took the matter under submission.

## LEGAL STANDARD

To obtain preliminary injunctive relief, Plaintiff must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary

---

[1] Although it is unclear whether Defendant has actual notice of these proceedings, based on the proof of service (ECF No. 8) and information provided at the hearing on the Motion, the Court is satisfied that Plaintiffs have exercised sufficient diligence in attempting to serve Defendant.

relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008). "[I]f a plaintiff can only show that there are 'serious questions going to the merits' – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied.'" *All. for the Wild Rockies v. Pena,* 865 F.3d 1211, 1217 (9th Cir. 2017) (citation omitted).

## DISCUSSION

### I.      Likelihood of Success on the Merits

Plaintiff argues that he is likely to succeed on his cause of action alleging violations of HBOR section 2923.6, because Defendant is proceeding with the foreclosure process while Plaintiff's loan modification appeal is pending.

Section 2923.6 prohibits "dual tracking" which occurs when a lender proceeds with the foreclosure process while reviewing a loan modification application. *See* Cal Civ. Code § 2923.6(c).[2] "If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer. . . shall not record a notice of default, or conduct a trustee's sale, while the complete first lien loan modification application is pending." *Id.* Section 2923.6(d) further provides that a borrower shall have at least thirty days to appeal from the date of the written denial and provide evidence that the determination was made in error. Finally, section 2923.6(e) states that:

> If the borrower's application for a first lien loan modification is denied, the mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or, if a notice of default has already been recorded,

___

[2] Plaintiff represents that he is a "borrower" as defined by Civil Code § 2920.5. (Compl. ¶ 21.) "[F]or purposes of Section[ ]. . .2923.6. . ., 'borrower' means any natural person who is a mortgagor or trustor and who is potentially eligible for any federal, state, or proprietary foreclosure prevention alternative program offered by, or through, his or her mortgage servicer." Cal. Civ. Code § 2920.5(c)(1). At this stage in the proceedings, the Court finds Plaintiff's allegations sufficiently meet this definition.

a record a notice of sale or conduct a trustee's sale until the later of:

(1) Thirty-one days after the borrower is notified in writing of the denial;

(2) If the borrower appeals the denial pursuant to subdivision (d), the later of 15 days after the denial of the appeal or 14 days after a first lien loan modification is offered after appeal but declined by the borrower, or, if a first lien loan modification is offered and accepted after appeal, the date on which the borrower fails to timely submit the first payment or otherwise breaches the terms of the offer.

Cal. Civ. Code § 2923.6(e)(1)–(2).

Under the procedures outlined, Plaintiff should have received thirty days from the date of the written application denial, March 13, 2026, to appeal the decision and provide evidence as to why the determination was made in error.  Here, he submitted an appeal on April 7, 2026, and has not yet received a final decision from Defendant. By proceeding with a trustee's sale while Plaintiff's appeal remains pending, Defendant is violating section 2923.6 because Plaintiff timely appealed his loan modification denial, the appeal has not been denied, and Plaintiff has not been offered a loan modification.  Accordingly, the Court finds that Plaintiff is likely to succeed on his claim that Defendant violated section 2923.6.

## II.     Remaining Factors

The remaining *Winter* factors also favor Plaintiff.  First, Plaintiff is likely to suffer irreparable harm through the loss of his home.  *See Mcbride v. PHH Mortgage Corp.,* No. 2:23-cv-02242-WBS-DB, 2024 WL 557791, at *2 (E.D. Cal. Feb. 12, 2024) (finding that foreclosure of a plaintiff's home constitutes irreparable harm and collecting cases).

Next, the balance of equities favors Plaintiff.  Plaintiff stands to lose his home and all the equity therein while hardship to Defendant is minimal as it comes from

delays in proceeding with the foreclosure.  *See Singh v. Bank of Am., N.A.,* No. 2:13-cv-00729-MCE-AC, 2013 WL 1759863, at *3 (E.D. Cal. Apr. 24, 2013) (finding the balance of equities favors plaintiff where the "TRO merely delays Defendant's right to foreclose").

Finally, the Court finds that the public has a strong interest in foreclosure sales being conducted in accordance with the law.  *See Bradley Sparks v. Select Portfolio Servicing et al.,* No. 2:26-cv-00735-AH-(MARX), 2026 WL 252756, at *2 (C.D. Cal. Jan. 28, 2026) (explaining it is in the interest of the public to require mortgage service providers to comply with loan modification requirements under the HBOR).

## CONCLUSION

Accordingly:

1.  The Court GRANTS Plaintiff's Motion for Temporary Restraining Order (ECF No. 4).  The Court ORDERS that, pending the determination of the motion for preliminary injunction, Defendant, their employees, agents, and/or any person or entity acting with them or on their behalf are RESTRAINED and ENJOINED from the sale of the property located at 3136 Sceptre Drive, Rocklin, CA 95765.

2.  Defendants are ORDERED TO SHOW CAUSE why a preliminary injunction should not issue on the same terms and conditions as this Temporary Restraining Order.  Defendant's brief is due June 3, 2026, and Plaintiffs may file a reply by June 8, 2026. The Court will order a further hearing on the matter should it determine that one is necessary.

3.  Defendant is further notified of its right to apply to the Court for modification or dissolution of this temporary restraining order, if appropriate and supported by a showing of good cause, on two (2) days' notice or such shorter notice as the court may allow.  *See* Fed. R. Civ. P. 65(b)(4) and Local Rule 231(c)(8).

4.  Plaintiffs shall serve a copy of this Order on Defendants immediately and shall file a proof of service by May 27, 2026.

IT IS SO ORDERED.

Dated:   **May 26, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE